I agree with my brother Hall as to the construction of the statute 29 Eliz. and our act of 1784; they both mean the same thing as to the sheriff's poundage on a fieri facias, viz., the actual raising the money by the sheriff. The English authorities, therefore, on the construction of the English statute are decisive of this question. They are founded on this plain principle, that when one person is engaged at the request of another in an act for which such other person is to compensate him, and he is prevented from performing the act, or discharged therefrom, by the person who employs him, it gives to him all the rights of an actual performance, where the act is not made up of separate and distinct parts; for the act being entire, the law cannot make it to consist of parts. Here the receipt of the money by the defendants themselves rendered it impossible or illegal for the sheriff to proceed in his execution; he was thereby discharged from going on; and, besides, the pressure of the sheriff is presumed to have caused the defendant in the execution to pay the money. As to the sheriff's going on against the debtor for the poundage, he has no authority to proceed for that, he not having levied any money on the execution, on which condition alone he could levy his poundage on the defendant; for the poundage is so much in the pound for the sum levied or raised, and I am considering this part of the case as if the defendant in an execution was liable for poundage. In England he was not liable, until 43 Geo. III., and our laws are silent on the subject, but it has been the practice here since our act of 1784, and possibly before. How it commenced I am at a loss to determine; possibly from an act which subjects the party cast to the payment of all costs; but this was not considered as costs in England; the plaintiff paid it until the statute of Geo. III. However, it is founded on practice, and the Court will not now disturb the practice.
As to the defendants being liable to this action at the suit of the sheriff, I am at a loss for a principle to support it; the law (18) implies no such engagement. But I think that these defendants were liable in this case in their individual characters, and not as administrators. They cannot rightfully onerate the assets with this charge, which is the test by which the question must be tried. This is unlike the promise made by an executor, when the testator received the benefit, or when his estate received it, or when he indorsed a note or bill *Page 7 
as executor. In such cases it is proper that the assets should be onerated. The court should prevent the assets from being charged, unless for such claims as should protect them from the demands of others having claims upon them.
As to making the amendment under the late law authorizing this Court to make such amendments on the records in the courts below, when brought into this Court, as it may judge proper upon terms, I am wholly at a loss to conceive a case where it would be proper to exercise this power, for every amendment, in substance, presents a different statement of facts, which the adverse party should have an opportunity of controverting. Every amendment in the writ or declaration (I mean substantial amendments) should be accompanied with permission to the defendant to amend his plea; and so permission to the defendant to amend his plea should be accompanied with a permission to the plaintiff to amend his replication. How this Court, which is entirely a court of errors in law, can make these amendments, I cannot conceive. How or where are the new issues of fact to be tried? If there are cases where we can exercise the power, I am satisfied that this is not one of them. However reluctantly, I am compelled to say that judgment must be entered for the defendants, for they are not liable as administrators.
PER CURIAM. Affirmed.
Cited: Arrenton v. Jordan, post, 100; Glisson v. Herring, 13 N.C. 161;Hampton v. Cooper, 33 N.C. 581; Willard v. Satchwell, 70 N.C. 270;Dawson v. Grafflin, 84 N.C. 102; Cannon v. McCape, 114 N.C. 583.
(19)